

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 20, 2013**

**United States Bankruptcy Judge**

_____


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ROXWELL PERFORMANCE DRILLING, LLC, | § § § | Case No. 13-50301-RLJ-11 |
| Debtor. | § § | |

## MEMORANDUM OPINION AND ORDER

### Preliminary Statement and Background

On December 11, 2013, hearing was held on the following matters: (1) *Motion of the Debtor in Possession Requesting Declaratory Relief Regarding the Authority of the Receiver to File Voluntary Chapter 11 Petitions* [Docket No. 6], as modified by the *Amended Motion of the Debtor in Possession Requesting Declaratory Relief Regarding the Authority of the Receiver to File Voluntary Chapter 11 Petition and to Retain Control of the Bankruptcy Case* [Docket No. 50], and (2) *United States Trustee's Motion to Appoint a Chapter 11 Trustee Under 11 U.S.C. §1112(b)(1)* [Docket No. 9].  The former motion, as its title indicates, was filed ostensibly by the

debtor Roxwell Performance Drilling, LLC, as debtor in possession. As the Court has previously pointed out, however, the motion is actually prosecuted by a state court receiver, Fernando Bustos (the "Receiver"), appointed pursuant to the *Agreed Order Granting Application for Appointment of Receiver* (the "Receivership Order") issued by the 238th District Court from Midland County, Texas. Such motion will be referred to as the "Receiver's Motion." The second motion, filed by the United States Trustee ("UST"), will be referred to as the "UST's Motion." The Receiver's Motion was initially filed on November 6, 2013; it was amended on November 26, 2013. The UST's Motion was filed on November 7, 2013. The matters were considered jointly. They were initially heard by the Court on November 15, 2013, after which the Court entered its *Interim Order* [Docket No. 33] resetting the motions to December 5, 2013, and directing the parties to provide notice to all creditors and parties in interest of the new setting as creditors had not been provided adequate notice of the motions for the November 15, 2013 hearing. Pending the December 5, 2013 hearing, the Court excused the Receiver from compliance with the requirements of § 543(a) and (b) of the Bankruptcy Code. The hearing was further postponed from December 5 to the December 11, 2013 hearing date due to bad weather.

Roger Muniz, an asserted equity owner and creditor, supports the UST's Motion and opposes the Receiver's Motion. Creditors Cobra Downhole Motors, Weatherford Canada Partnership, and Unique Integrated Energy, LLC all presently oppose the UST's Motion and prefer that the Receiver continue to administer the assets and operations of Roxwell Performance Drilling, LLC ("Roxwell").

The Court has jurisdiction over the issues raised here pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

## I.

### A.

The Bankruptcy Code provides that a receiver of property of the debtor is a "custodian." 11 U.S.C. § 101(11). Section 543 states that a custodian with knowledge of the case "may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property." 11 U.S.C. § 543(a). A custodian is further directed to deliver the debtor's property to the bankruptcy trustee, and then file an accounting of the property, proceeds, products, rents, or profits. *See* 11 U.S.C. § 543(b). Section 543(d) provides that the bankruptcy court may excuse the custodian from such requirements if doing so better serves the interests of creditors. *See* 11 U.S.C. § 543(d).

### B.

By the Receiver's Motion, the Receiver looks to § 543(d) as authority for his continued possession of Roxwell's assets and continued management of Roxwell's business and affairs. He testified that it is his intention to propose a plan of reorganization; he is not presently contemplating a liquidation of Roxwell's assets. The UST submits that the Bankruptcy Code does not sanction the arrangement proposed here by the Receiver as it would cause a vacuum of authority going forward in this bankruptcy case. Such circumstance creates "cause" for appointment of a chapter 11 trustee, according to the UST. *See* 11 U.S.C. §§ 1104 and 1112(b)(1).

## C.

The Receivership Order defines the "Receivership Estate" as "the business and property" of the debtor entity, Roxwell. Debtor's Ex. A. Fernando Bustos, an attorney, was appointed "Receiver of the Receivership Estate." *Id.* ¶ 2. He is vested with all the powers of an equity receivership under common law. The Receiver is authorized to take "complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate." *Id.* ¶ 4. His authorization includes the power to retain or remove any officer, director, employee, or agent of the Receivership Estate; to take possession of all funds and accounts, including all financial records regarding monies on hand in banks and other financial institutions, of the Receivership Estate; and to generally perform "all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate." *Id.* ¶ 5. Of particular significance here, the Receivership Order provides that the Receiver may "file a petition under the bankruptcy laws of the United States on behalf of the Receivership Estate." *Id.* The Receiver here purports to have filed this bankruptcy on behalf Roxwell. Despite this, no parties—the UST, the creditors, and purported owners—challenge the propriety *of the filing*. The dispute here lies with whether the Receiver or a chapter 11 trustee should be entrusted with control of the assets and the operations of Roxwell going forward in this chapter 11 proceeding.

All assets and activities of Roxwell were, as a result of the receivership, moved to the receivership and are thus under the total control of the Receiver. As the order provides, a Receivership Estate was thereby created. Roxwell, the limited liability company, still exists, albeit as a shell. The scope of the receivership here goes beyond that of a mere receiver of certain discrete assets of the debtor. The receivership as defined under the Receivership Order is a regime that is different from a bankruptcy proceeding. For example, the Receivership Order specifically defines the standard of conduct—gross negligence, willful misconduct—that triggers

liability of the Receiver and professionals retained by the Receiver; relatedly, it provides that the Receiver and his retained professionals will be held harmless, except for willful misconduct or gross negligence. The Receivership Order requires a receiver's bond and sets the bond amount at $500.00. The Receivership Order sets the compensation for the Receiver—$400 per hour for the Receiver, $275 per hour for his associate attorneys, and $125 per hour for his paralegals—and preemptively finds such rates are reasonable and necessary. The Receivership Order conditions the Receiver's appointment on *Roxwell's* payment of $50,000 to be placed in the Receiver's trust account. The Receivership Order states as follows:

> [A]ll persons who receive actual or constructive notice of [the] Order are enjoined in any way from disturbing the Receivership's Assets or from prosecuting any new proceedings (including involuntary bankruptcy petitions, or motion to convert any bankruptcy proceedings, collection or enforcement proceedings) that involve the Receiver or the Receivership Assets unless such person or persons first obtains the permission of this Court.

*Id.* ¶ 10.

The foregoing requirements of the Receivership Order are, to say the least, inconsistent with the requirements, rules, and standards set forth under the Bankruptcy Code for a trustee or debtor in possession and for employment of professionals employed by a trustee or debtor in possession. *See generally* 5 Collier on Bankruptcy ¶ 543.05 at p.543-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013).

In addition, on a more basic level, the Receivership Order, strictly construed, authorized the bankruptcy filing of *the Receivership Estate*. The Receivership Estate is not an entity eligible to file bankruptcy. *See* 11 U.S.C. §§ 109(a) and 101(41). Despite this "technicality," all involved here take the position that Roxwell is properly before the Court and believe that a chapter 11 bankruptcy is a good idea. Assuming for the moment, however, that Roxwell is properly before the Court, the Receiver's role under the Receivership Order changed upon the filing to that of a "federally superseded custodian of the bankruptcy estate." *In re Bodenheimer,*

*Jones, Szwak, & Winchell, L.L.P.*, 592 F.3d 664, 670 (5th Cir. 2009). As such, his authority and obligations are "strictly circumscribed by statute." *Id.* The bankruptcy court may, under § 543(d), "*temporarily* permit a receiver to remain in place while the court decides whether to abstain to the receivership proceeding, or instead require the receiver to turn over the property of the estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed)." *In re Stratesec, Inc.*, 324 B.R. 156, 157 (Bankr. D.D.C. 2004) (emphasis added); *see also In re Ziegler*, No. 12-61681-11, 2012 WL 6186597 (Bankr. D. Mont. Dec. 12, 2012) (court noting that allowing a receivership to continue indefinitely is inconsistent with the Bankruptcy Code, and that a receiver's acts potentially conflict with the Bankruptcy Code's provisions that direct the duties and obligations of a debtor in possession); *In re Petters Co., Inc.*, 401 B.R. 391 (Bankr. D. Minn. 2009) (To "fully harmonize the status" and finding no disqualifying conflict, the court directed a turnover *from Kelley* the receiver *to Kelley* the appointed trustee.)

The courts have looked at certain factors in determining whether a receiver/custodian should be excused under § 543(d) from turning over the assets and affairs to *the debtor*. *See In re Orchards Vill. Invs., LLC*, 405 B.R. 341 (Bankr. D. Or. 2009); *In re Picacho Hills Util. Co., Inc.*, No. 11-13-10742 TL, 2013 WL 1788298 (Bankr. D.N.M. Apr. 26, 2013). The factors address whether the debtor's possession and management best serve the creditors and whether the debtor can effect a reorganization given its resources, management, motives, and ability to prosecute avoidance actions (which power the receiver does not possess). *See id.* Both *Orchards Park* and *Picacho Hills* excused the turnover but, in doing so, recognized the separate roles of the debtor and of the receivership. In *Orchards Park*, the court upheld the bankruptcy filing by the debtor through the debtor's management, despite a prior state court's appointment of a receiver over all the debtor's assets and operations. 405 B.R. at 349. The court noted that the debtor retained a right to propose and seek confirmation of a chapter 11 plan. *Id.* at 352. In

*Picacho Hills*, the bankruptcy court likewise excused the receiver from turnover to the debtor but then suspended the bankruptcy in deference to the receiver's efforts to sell certain estate property, all of which was deemed as serving the interests of creditors.  2013 WL 1788298 at *8 and 11.

### D.

The Receiver relies on both the district court opinion, *In re Bayou Group, LLC*, 363 B.R. 674 (S.D.N.Y. 2007), and the affirming opinion from the Second Circuit, 564 F.3d 541 (2d Cir. 2009), that arose out of the *Bayou Group, LLC* bankruptcy case.  Both opinions, as well as the bankruptcy court's opinion, allowed a receiver appointed by the federal district court to indefinitely remain in possession of a company's assets and continue on as sole and managing member of the company during the bankruptcy proceedings.  363 B.R. 674; 564 F.3d 541.  The federally appointed receiver caused the chapter 11 filing, as he was authorized to do by the district court receivership, and he was met with the motion of the UST seeking appointment of a chapter 11 trustee.  564 F.3d 541.  In affirming both the bankruptcy court and the district court which had excused the receiver from the § 543(a) and (b) requirements, the Second Circuit noted that the receiver had had outstanding results during his service and that the creditors were pleased and supported his continuation.  *Id.*  The court found that there were not circumstances justifying the appointment of a chapter 11 trustee, as a result.  The district court construed the receiver as "the exclusive managing member of a debtor in possession" who was subject to the obligations imposed on debtors in possession under the Bankruptcy Code.  363 B.R. 674.

The *Bayou Group* case is distinguishable because the receiver there arose from an order from the federal district court, with the expectation of a bankruptcy proceeding.  The jurisdiction over bankruptcy cases lies exclusively with the district courts.  *See* 28 U.S.C. § 1334(a).  The order here was obviously issued by a state district court and the receivership is wholly a state law

action and remedy and the sole source of the Receiver's powers. To the extent that the *In re Bayou* opinions can be construed to mean that a receiver of a debtor in bankruptcy preserves the debtor as debtor in possession, the Court respectfully disagrees with such construction.[1] Section 543(b) provides that the receiver/custodian must turn over the receivership assets to the trustee in bankruptcy. In the chapter 11 context, there is no trustee absent specific appointment; the debtor becomes the "debtor in possession." 11 U.S.C. § 1101(1). As debtor in possession, the debtor has the rights of a trustee. 11 U.S.C. § 1107(a). Here there is no trustee and, in fact, there is no debtor "in possession." The Receivership Order vests all assets and operations with the Receiver. If such circumstance were allowed to persist indefinitely, the duties and obligations, indeed the powers, of the Receiver "in possession" become wholly ill-defined. The authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as debtor in possession or a chapter 11 trustee.[2] Moreover, the Code provides that the trustee (or debtor in possession) holds the extraordinary avoidance powers that arise upon bankruptcy. *See* 11 U.S.C. §§ 544, 545, 547, 548, and 549. The triggering statute here, § 543, by requiring *turnover to the trustee*, contemplates that the receiver as custodian is an entity separate from the trustee or debtor in possession. Finally, the Court fails to discern how a blanket authorization of a receiver's possession of the debtor's assets and continued management of its affairs is not the

---

[1] A reconciling construction is that, in *Bayou*, the district court specifically contemplated the receiver continuing as manager of the debtor entity with all duties and obligations to be exercised coextensively with the dictates of the Bankruptcy Code. The court in *Bayou* stated as follows:

> Marwil's authority to manage the bankruptcy proceedings stems not from his position as "federal equity receiver" but from the language in the Order specifically appointing Marwil as Bayou's "sole and exclusive managing member," thereby vesting him with the authority to file and manage Bayou's bankruptcy proceedings. The district court plainly had authority to place Marwil in a management position from which he could file and manage a Chapter 11 petition.

*Bayou*, 564 F.3d at 548.

[2] The duties and obligations of the petition-filing debtor throughout the Bankruptcy Code—chapter 7, chapter 11, chapter 13, and chapter 12—are imposed on the trustee or, if applicable, the debtor in possession.

functional equivalent of the appointment of a receiver in the bankruptcy case, a result specifically proscribed by § 105(b) of the Bankruptcy Code.

## II.

It is distressing that the Court cannot sanction what most interested parties here prefer. The UST's request for appointment of a trustee at least allows the chapter 11 case to proceed, however. Given the good works of the Receiver to date, any additional administrative costs and "catch-up" should be minimized. Of course, perhaps most concerns here are addressed by appointing the Receiver as the chapter 11 trustee. But this raises yet other issues and is a call made by the UST.

The Bankruptcy Code simply does not countenance the simultaneous administration of a bankruptcy and a receivership proceeding. This case presently has no trustee. In light of the receivership, there is no debtor in possession, as well. The Court concludes that cause exists for the appointment of a trustee. The Court will, in addition, direct the appointed trustee to address whether, given the nature of the authorization for the filing, this case should be dismissed.

Accordingly, it is hereby,

ORDERED that the UST's Motion is granted and the appointment of a chapter 11 trustee is hereby directed; it is further

ORDERED that the relief requested by the Receiver's Motion is denied; it is further

ORDERED that the chapter 11 trustee shall appear before the Court on **January 22, 2014**, **at 1:30 P.M.**, in Room 314, 1205 Texas Avenue, Lubbock, Texas, and address whether this chapter 11 case should be dismissed. Other parties in interest may be heard on this issue.

### End of Memorandum Opinion and Order ###